# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY BARREN,

    *Plaintiff,*

vs.

STATE OF NEVADA, *et al.,*

    *Defendants*.

2:10-cv-00626-KJD-LRL

ORDER

This prisoner civil rights action comes before the Court for initial review under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare, naked and conclusory assertions that merely constitute formulaic

recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the complaint, plaintiff Gregory Barren seeks to pursue a claim for monetary damages alleging that a Las Vegas police officer used excessive force during his arrest. However, the complaint does not present a viable claim against a defendant upon whom service may be effected.

The complaint lists the State of Nevada in the caption, but plaintiff does not include the State in the list of defendants on page 2 in the body of the complaint form. Nor does he include any allegations as to the State. In any event, claims in federal court against a State are barred by state sovereign immunity under the Eleventh Amendment. *See,e.g.*, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). State sovereign immunity bars suit in federal court against a State regardless of the relief sought. *See,e.g., Pennhurst State School & Hospital*

1 *v. Halderman,* 465 U.S. 89, 100-01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). State
2 sovereign immunity limits the jurisdiction of the federal courts and can be raised at any time
3 during the judicial proceedings either by the parties or by the court *sua sponte*. *In re Jackson*,
4 184 F.3d 1046, 1048 (9th Cir. 1999). The complaint accordingly fails to present a viable claim
5 against the State of Nevada.

6 The complaint also lists the Las Vegas Metropolitan Police Department in the caption,
7 but plaintiff does not include the police department in the list of defendants in the body of the
8 complaint. In any event, a monetary damage claim against a local governmental entity states
9 a claim only when the alleged constitutional violation occurred pursuant to an official policy,
10 custom or practice of the municipality. *See,e.g., Butler v. Elle*, 281 F.3d 1014, 1026 n.9 (9th
11 Cir. 2002); *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925 (9th Cir.
12 2001). The complaint does not contain any allegations in any way suggesting that the actions
13 complained of were undertaken pursuant to official policy, custom or practice. The allegations
14 instead support a strong inference to the contrary. The complaint accordingly fails to present
15 a viable claim against the Las Vegas Metropolitan Police Department.

16 Plaintiff otherwise has failed to name a defendant upon whom service can be effected.
17 The only other defendant listed – in either the caption or the body of the complaint – is a
18 "John Doe" Las Vegas police officer sued only in his individual capacity. The Marshal cannot
19 effect service upon an unnamed John Doe defendant. This action may not proceed forward
20 unless plaintiff states viable claims against named defendants rather than fictitiously named
21 defendants.

22 The complaint thus is subject to dismissal for failure to state a claim, subject to an
23 opportunity to amend to state a claim, if possible.

24 IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint and that
25 the complaint is DISMISSED without prejudice for failure to state a claim upon which relief
26 may be granted, subject to leave to amend within thirty (30) days of entry of this order to
27 correct the deficiencies in the complaint, if possible.

28 / / / /

1    IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:10-cv-00626-KJD-LRL, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

The Clerk of Court shall provide plaintiff with a copy of the complaint together with two copies of a Section 1983 complaint form and one copy of the instructions for same.

If an amended complaint is filed in response to this order, the Court will screen the amended pleading before ordering any further action in this case.

If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final judgment dismissing this action will be entered. If the amended complaint does not correct the deficiencies identified in this order and otherwise does not state a claim upon which relief may be granted, a final judgment dismissing this action will be entered.

DATED: June 23, 2010

_____
KENT J. DAWSON
United States District Judge